[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks a dissolution of marriage, custody, support, alimony, a distribution of assets and counsel fees.
Both parties were represented by counsel and offered evidence. The Court makes findings and enters orders (pursuant to the provisions of Connecticut General Statutes Section 46b-81 and 46b-82), as follows:
The parties were married on August 19, 1966 in New Britain, Connecticut. The defendant has resided continuously in Connecticut for at least twelve months next preceding the filing of the complaint in this action. There were four children issue of the marriage, two of whom have not yet reached the age of eighteen years, to wit: Chester Earl Gary, born September 4, 1975, and William Noel Gary, born July 14, 1981.
Neither party is receiving governmental welfare assistance.
The Court finds that the marriage has broken down CT Page 10096 irretrievably and grants a decree of dissolution on said grounds.
Although the parties have been married for twenty-six years, they have had marital conflict almost from the beginning. The husband has been described as dictatorial and controlling. As a couple they had few friends and a very limited social life. To exacerbate the personality conflicts between the parties, one of their children (not one of the two minor children) suffered from bulimia. The stress of dealing with this problem added to the stresses within the family, and it can probably be accurately portrayed as dysfunctional. Both of the remaining minor children require counseling. The wife, who had the further misfortune of being afflicted with post-partum depression following the birth of their first child, has during the course of the marriage, become passive and inward in her personality. Her self-esteem became greatly diminished. She ascribes this change largely to the husband's "verbal abuse," or stated another way, his domineering personality.
In addition to the foregoing problems, the wife now suffers from arthritis and wears an electrical device which sends a current to her afflicted shoulder area for relief of the arthritic pain.
Probably as a result of the various stresses on her, after twenty-three years of marriage, the wife gambled away between two and three thousand dollars on lottery tickets. Her purpose was to win enough money to move out of their deteriorating neighborhood — a request that the husband did not consider financially feasible. At about the same time, the wife began to consume more alcohol than she could handle. Both of these inappropriate behavior patterns were of relatively short duration and are not on-going.
The wife has a Master's Degree and is certified as a reading consultant. Her advanced degrees were obtained through night school in 1979 and 1984. She has not worked in the teaching field for years and recent attempts to find employment utilizing her schooling and training have been unsuccessful. At present she receives unemployment compensation but will likely continue to have great difficulty in finding work commensurate with her training and education. Her age (49) and the economy are not in her favor. CT Page 10097
The following orders are entered:
1. Custody: The wife shall have custody of the minor children. The husband shall have reasonable visitation.
2. Child Support: The husband shall pay child support in the amount of $200.00 per week for the younger child, William, and $110.00 per week for Chester for a total weekly support of $310.00. This is in substantial compliance with support guidelines.
3. Health Insurance: The husband shall provide medical/dental insurance coverage for the benefit of said minor children as is available through his employment, pursuant to Connecticut General Statutes Section 46b-84(c). The parties shall be equally responsible for payment of insured medical costs for said children.
The husband shall provide medical/dental insurance coverage for the benefit of the wife as is available through his employment for a period not to exceed 24 months. If the wife obtains employment where medical coverage is provided to her by the employer, she is to notify the husband forthwith and his obligation under this paragraph shall cease.
4. Real Property: The husband shall quitclaim and transfer to the wife all his right, title and interest in and to the former family domicile located at 122 Oak Street, Manchester, Connecticut. The wife shall assume and hold the husband harmless for the mortgage thereon in the approximate amount of $23,000. The parties have stipulated that the fair market value of the house is $97,000, thus the plaintiff receives equity value of approximately $74,000.00.
5. Alimony: The husband shall pay periodic alimony in the sum of $50.00 per week until September 5, 1993 and thereafter shall pay $100.00 per week until July 15, 1999, and thereafter shall pay $150.00 per week.
6. Life Insurance: The husband shall maintain his minor children as irrevocable beneficiaries on life insurance policies presently in effect, until such time as each child reaches eighteen years of age. (Both minor children will be beneficiaries until Chester becomes 18 years of age and CT Page 10098 thereafter William will be the sole named beneficiary until his 18th birthday).
7. Stock: The parties jointly own 409 shares of stock in the Stanley Works. The husband shall effectuate the transfer of 200 shares of said stock to the wife and the wife shall effectuate the transfer of the remaining stock to the husband. The wife shall thus be the owner of 200 shares and the husband shall own the remaining shares.
8. Pension: The husband shall retain exclusively his interest in his Connecticut Teachers' Retirement Account.
9. Debts: The husband shall be responsible for the debts reflected in his financial affidavit, and in addition, shall be responsible for the bill to Wyman Oil listed on the wife's financial affidavit. The wife shall be responsible for the other debts listed on her financial affidavit. Each party shall pay their own counsel fees.
10. Personal Property: The husband shall have possession and ownership of the piano and hutch and shall, remove same from the family home within 30 days. He shall also have possession of and remove his personal items stored in trash bags in the cellar.
11. Maiden Name: The wife's maiden name (Dickson) is restored to her.
Hon. Lawrence C. Klaczak, J.